IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SHANE JAMES MORRIS,**            ) | |
| )                                     | |
| **Plaintiff,**   )                    | |
| )                                     | **CIVIL ACTION** |
| v.                     )              | |
| )                                     | **No. 25-4070-JWL** |
| )                                     | |
| **FRANK BISIGNANO,**           )      | |
| **Commissioner of Social Security,** ) | |
| )                                     | |
| **Defendant.**    )                   | |
| _____ )     | |

**MEMORANDUM AND ORDER**

Before the court is the Plaintiff's Unopposed Motion for Extension of Time to respond "to Defendant's Motion to Dismiss." (Doc. 7, p.1). As a preliminary matter, the Commissioner has not yet filed a Motion to Dismiss. Nonetheless, the Commissioner filed the Social Security Administrative Record in this case on September 9, 2025, and in the normal course Plaintiff's Social Security Brief would have been due on October 9, 2025. The current situation, however, is not the normal course. As Plaintiff states in his motion, "Due to a lapse in funding affecting the federal government that occurred on September 30, 2025, a stay has been ordered on all social security cases." Id., see also, D. Kan. Standing Order 25-05 (Oct. 1, 2025) ("all proceedings in any social security case pending before this court, in which the briefing schedule has not

yet been completed, are hereby STAYED during the lapse in appropriations. Following expiration of the stay, the judges of this court may set new briefing deadlines and make all necessary scheduling adjustments in particular cases.").

Plaintiff also requests, "Due to Plaintiff's counsel's workload and preparing for an upcoming jury trial, Plaintiff requests a 30-day extension to file 30 days after the stay is lifted." (Doc. 7, p.1). The court is aware that the court's standing order provides "that any party may seek relief from this temporary stay for good cause shown in a particular case, and the judges of this court are authorized to decide such requests." D. Kan. Standing Order 25-05. Plaintiff's request, however, is based upon presumptions which are unknown and unknowable at this time. Therefore, Plaintiff's request will be denied as moot. After the lapse in appropriations is resolved, the stay is lifted, and a briefing schedule is issued in this case, Plaintiff may request an extension of time, if necessary.

**IT IS THEREFORE ORDERED** that Plaintiff's motion (Doc. 7) is DENIED AS MOOT.

Copies of this order shall be provided to counsel of record for the parties through the court's CM/ECF system.

Dated October 14, 2025, at Kansas City, Kansas.

s:/   John W. Lungstrum
**John W. Lungstrum**
United States District Judge