# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHANE JAMES M.,[1]            ) | |
|          ) | |
|       **Plaintiff,**    ) | |
|          ) | **CIVIL ACTION** |
| **v.**           ) | |
|          ) | **No. 25-4070-JWL** |
| **FRANK BISIGNANO,**    ) | |
| **Commissioner of Social Security,**    ) | |
|          ) | |
|       **Defendant.**    ) | |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Social Security Disability Insurance (SSDI) benefits pursuant to sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ's) assessment of Plaintiff's residual functional capacity (RFC) and finding substantial record evidence supports the Commissioner's final decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

## I.    Background

---

[1] The court makes all its "Memorandum and Order[s]" available online.  Therefore, in the interest of protecting the privacy interests of disability claimants, it has determined to caption Social Security decisions using only the initial of the Plaintiff's last name.

Plaintiff protectively filed an application for SSDI benefits on October 23, 2023. (R. 17, 231-35).  After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Plaintiff claims the ALJ erroneously relied upon an incomplete RFC, ignoring substantial evidence Plaintiff is limited to performing sedentary work, and thereby violated the "substantial evidence rule."

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  "Substantial evidence" refers to the weight, not the amount, of the evidence.  It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). Consequently, to overturn an agency's finding of fact the court "must find that the evidence not only supports [a contrary] conclusion, but compels it."  I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

2

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988) (brackets in Bowling)).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner

3

assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step

four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the process—determining

at step four whether, considering the RFC assessed, claimant can perform his past

relevant work; and at step five whether, when also considering the vocational factors of

age, education, and work experience, he is able to perform other work in the economy.

Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the

burden is on Plaintiff to prove a disability that prevents performance of past relevant

work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter,

245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the

burden shifts to the Commissioner to show that there are jobs in the economy which are

within the RFC previously assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th

Cir. 1999).  The court addresses the error alleged in Plaintiff's Social Security Brief.

## II.    Discussion

Plaintiff argues the ALJ's step-five finding—that there are a significant number of

jobs available in the economy of which Plaintiff is capable—is not supported by

substantial evidence because the vocation expert (VE) relied upon an incomplete RFC in

opining Plaintiff can work a significant number of jobs in the economy.  (Pl. Br. 12).

This is so, in Plaintiff's view, because "substantial evidence exists to indicate that the

claimant cannot perform light work and the ALJ ignored all of that evidence, and

Plaintiff does "not feel that substantial evidence exists to support the ALJ finding of an

RFC based on light work."  Id. 15.  In support, Plaintiff argues he provided "very clear"

4

testimony "he can only walk about half a football field and only be on his fee[t] for 15 minutes" and that this is "substantial detracting evidence" contrary to finding the capacity for light work and which the ALJ did not explain.  (Pl. Br. 16).   Plaintiff then cites Social Security Ruling (SSR) 96-9p for the proposition that the ALJ should have assessed Plaintiff with the ability to perform only sedentary work  "BUT, even sedentary work is greatly affected by the impairments and considerations in SP [sic] 96-9p as the claimant will miss work, not be able to stay on task for a 40-hour work period, and likely can only work 20 hours a week."  Id. at 17-18.

He concludes his argument asserting the ALJ: ignored Plaintiff's counsel's hypothetical questions suggesting Plaintiff would be off-task 11% of the time, miss work more than one day a month, be restricted in kneeling and stooping, and could only work 20 hours a week; ignored "almost all of the evidence suggesting that light work was beyond the claimant's ability;" ignored Plaintiff's testimony of migraines; ignored Plaintiff's inability to walk; ignored Plaintiff's inability to stay on task and need to take unscheduled breaks; and ignored Exhibits 32F and 33F relating to migraines, missing work, back pain, and PTSD.  Id. 19.

Plaintiff asserts he "presented substantial evidence that he could not perform light work," "substantial evidence exists that claimant should have been awarded benefits," and "the decision of the agency below is NOT supported by substantial evidence."  Id. 21.

The Commissioner argues that the ALJ's decision is supported by greater evidence than required by the substantial evidence standard.  (Comm'r Br. 5).  He argues Plaintiff

failed to identify evidence supporting his claims or that the ALJ did not consider. (Comm'r Br. 6). He argues, "Plaintiff fails to cite to evidence in the record in support of any argument, fails to point to any evidence that suggests he had greater limitations than those found by the ALJ, and fails to develop any coherent argument that could support remand." Id.

The Commissioner argues that even if Plaintiff has not forfeited his arguments by failing to support them, they are without merit and the ALJ followed the correct legal standards and his findings are supported by substantial evidence in the record. Id. 8-11. Finally, he argues Plaintiff's arguments constitute a request for the court to reweigh the record evidence more favorably to Plaintiff.

### A.      Analysis

The court agrees with the Commissioner that Plaintiff has shown no error in the Commissioner's decision below and appears, at best, to ask the court to reweigh Plaintiff's allegations of disabling symptoms, reweigh the persuasiveness of Dr. Trehan's opinions, and reweigh the ALJ's determination Plaintiff can do a range of light work and determine, based upon its de novo evaluation, that Plaintiff is disabled within the meaning of the Act and the regulations. As discussed supra, pp. 2-3, the court is without such jurisdiction in judicial review of a final decision of the Commissioner of Social Security. Rather, the court's review is limited to consideration of whether the ALJ applied the correct legal standard and whether his decision is supported by substantial evidence in the record—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401.

6

The court finds the ALJ applied the correct legal standard, and Plaintiff has not seriously argued otherwise.  Plaintiff's appeal to SSR 96-9p does not demonstrate otherwise because the ALJ found Plaintiff capable of a range of light work and Plaintiff points to or cites no evidence that compels finding otherwise.  The only record evidence cited in the argument section of Plaintiff's Brief is Dr. Trehan's opinions, Exhibits 32F and 33F.  (Pl. Br. 19).  Plaintiff's appeal to Dr. Trehan's opinions to demonstrate error in the ALJ's decision is unavailing because the ALJ found Dr. Trehan's opinions "not persuasive" and provided his reasons supported by record evidence to make that finding and Plaintiff cites no record evidence which compels a contrary finding.  (R. 28-29).

Plaintiff's appeal to the VE's response to his hypothetical questions suggesting Plaintiff would be off-task 11% of the time, miss work more than one day a month, be restricted in kneeling and stooping, and could only work 20 hours a week is unavailing because the ALJ did not assess those limitations and Plaintiff points to or cites no evidence that compels finding otherwise.

Plaintiff's assertion that he "presented substantial evidence that he could not perform light work," "substantial evidence exists that claimant should have been awarded benefits," and "the decision of the agency below is NOT supported by substantial evidence" is likewise unavailing.  (Pl. Br. 21).  As noted hereinabove, the ALJ's decision applied the correct legal standard in judicial review of a Social Security disability decision, provided reasons for his findings, cited record evidence supporting his findings, and that evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Perales, 402 U.S. at 401.  Plaintiff has not shown

7

error in the standard applied or in the application of that standard and has not pointed to record evidence which compels a contrary decision. The court acknowledges there is also evidence in the record which a reasonable mind might accept to conclude that Plaintiff is incapable of light work and, further, is disabled within the meaning of the Act and regulations. However, it is not the court's prerogative to decide the issue of disability, or even to decide what is the "best" or "most appropriate" decision in any case. Rather, the court's duty is to determine whether the Commissioner applied the correct legal standard, and if so, whether the Commissioner's decision is supported by "substantial evidence." "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. [The court] may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." Lax, 489 F.3d at 1084 (citations, quotations, and bracket omitted); see also, Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620 (1966).

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated June 24, 2026, at Kansas City, Kansas.

s:/ John W. Lungstrum_____
**John W. Lungstrum**
**United States District Judge**

8